IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THE HANGAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2538 |
| | ) | |
| SOUTHEASTERN ASSET | ) | |
| MANAGEMENT, LLC, TED E. SUHL, | ) | |
| THE LORD'S RANCH BEHAVIORAL | ) | |
| HEALTH CARE SYSTEM, INC., AND | ) | |
| DANNY KOPP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS TED E. SUHL AND THE LORD'S RANCH BEHAVIORAL HEALTH CARE SYSTEM, INC.'S MOTION TO DISMISS AND GRANTING SOUTHEASTERN ASSET MANAGEMENT, LLC'S MOTION TO DISMISS**

Plaintiff The Hangar, Inc. initiated the underlying action against Defendants Southeastern Asset Management, LLC ("SAM"), The Lord's Ranch Behavioral Health Care System, Inc. ("The Lord's Ranch"), Ted E. Suhl ("Suhl"), and Danny Kopp, Jr. ("Kopp"). Two Motions to Dismiss have been filed, one on behalf of Defendants The Lord's Ranch and Ted E. Suhl (D.E. # 7) and the other on behalf of Defendant SAM (D.E. # 21). For the reasons set forth below, Defendants The Lord's Ranch and Ted E. Suhl's Motion to Dismiss is hereby **GRANTED**, and Defendant SAM's Motion to Dismiss is hereby **GRANTED**.

## BACKGROUND

Plaintiff The Hangar, Inc. ("Hangar") brought the current diversity jurisdiction action

1

against Defendants alleging breach of contract, fraud and/or intentional misrepresentation, negligent misrepresentation, and unjust enrichment arising from a transaction in which Plaintiff performed repairs on a Cessna Citation aircraft. Southeastern Asset Management, LLC ("SAM") is the owner of the aircraft; Danny Kopp ("Kopp") was the pilot of the aircraft; and Suhl and The Lord's Ranch were users of the aircraft. After completion of certain maintenance and repairs on the aircraft, Plaintiff presented Kopp with an invoice for the services performed in the amount of $19, 533.62. Kopp charged the invoice amount on an American Express credit card issued in Suhl's name. Suhl disputed the invoice charge several times with American Express, eventually explaining to American Express that Kopp was not his agent and was neither authorized to engage Plaintiff's services nor pay the invoice with Suhl's credit card. American Express then reversed the charges, leaving Plaintiff's invoice unpaid.

Plaintiffs have alleged damages in the following amounts: (1) $19, 533. 62 for repairs rendered on the aircraft, (2) $683.66 for the American Express chargeback, (3) $3, 516.05 for the interests accrued to date, in addition to any accruing interest, (4) reasonable attorney's fees at an amount estimated to be $5,000.00, and (5) $100,000 in punitive damages.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[4]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[5]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[6]  Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[7]  Thus, although the factual allegations in a complaint need not be detailed, they

---

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[6] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly, ...* in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[7] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

"must do more than create speculation or suspicion of a legally cognizable cause of action; they

must show entitlement to relief."[8]

## ANALYSIS

Defendants argue that the Plaintiff's allegations of fraud, intentional misrepresentation,

and negligent misrepresentation should be dismissed for essentially the same reasons.

Specifically, Defendants assert that Plaintiff's allegations do not meet the minimum standards of

particularity required to plead fraud under the Tennessee or Federal Rules of Civil Procedure and

that Plaintiff has failed to plead the requisite elements of the claims.

### I.  Fraud and/or Intentional Misrepresentation

Intentional misrepresentation is "analyzed as a claim for fraud" and must be pled with

particularity under both the Tennessee and Federal Rules of Civil Procedure.[9]  At a minimum

plaintiff is required to allege "the time, place and content of the misrepresentations; the

defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud."[10]

Furthermore, "failure to plead an essential element of a claim of fraud warrants dismissal of a

claim...."[11]  "[A] district court need not accept claims that consist of no more than mere

---

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[9]    *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006) (citing *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)); *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

[10]    *Power & Tel. Supply Co.*, 447 F.3d at 931.

[11]    *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

4

assertions and unsupported or unsupportable conclusions."[12]

Plaintiff's allegations of fraud revolve around two statements, Kopp's representation that he was the chief pilot and agent of the owner of the Aircraft, with full authority to speak and act on behalf of Defendants Suhl and The Lord's Ranch, whom Kopp represented to be his employers, and Suhl's representation to American Express that Kopp was not his agent. Plaintiff's allegations as to Kopp's, Suhl's, and The Lord's Ranch's misrepresentations appear to be nothing more than mere recitations of the elements, and as such are not pled with the requisite particularity, i.e. they are mere assertions plus unsupported or unsupportable conclusions.[13]  As to Plaintiff's allegations of fraud against SAM, Plaintiff's complaint is completely devoid of any particularity regarding their participation except to refer to the "other defendants" when making allegations concerning either Suhl or Kopp. However, regardless of whether they were pled with sufficient particularity, applying the elements for intentional misrepresentation to these facts also demonstrate that Plaintiff has failed to state a claim upon which relief can be granted.

Under Tennessee law, a claim for intentional misrepresentation must allege with particularity the following elements: (1) An intentional misrepresentation of a material fact (2) that involves a past or existing fact, (3) knowledge of the representation's falsity, and (4) an injury caused by reasonable reliance on that representation.[14]  The terms "intentional

---

[12]    *Hagen v. U-Haul Co. of Tenn.*, No. 08-cv-1197, 2009 WL 211094, \*7 (W.D. Tenn. Jan. 28, 2009) (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)).

[13]    *See Hagen*, 2009 WL 211094 at \*7 (quoting *Sanderson*, 447 F.3d at 876).

[14]    *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992); *see also Power & Tel. Supply Co.*, 447 F.3d at 931(citing *Stacks*, 812 S.W.2d at 592).

misrepresentation," "fraudulent misrepresentation," and "fraud" are synonymous.[15]  Moreover,

allegations of intentional misrepresentation must be made with a sufficient factual basis to

support an inference that they were knowingly made.[16]  Tennessee law construes fraud as an

intentional tort.[17]  It is the existence of the defendant's actual intent, which must consist of more

than inference, that determines whether this factor has been satisfied.[18]  The reasonableness of a

party's reliance on a misrepresentation is a question of fact.[19]  In determining reasonableness,

courts should consider the following factors: (1) the plaintiff's business expertise and

sophistication; (2) the existence of a longstanding business or personal relationship between the

parties; (3) the availability of the relevant information; (4) the existence of a fiduciary

relationship; (5) the concealment of the fraud; (6) the opportunity to discover the fraud; (7)

which party initiated the transaction; and (8) the specificity of the misrepresentation.[20]  If a party

---

[15]    *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 905 n.1 (Tenn. 1999); *see also Hagen*, 2009 WL 211094 at *7.

[16]    *Caboodles Cosmetics, L.P. v. Caboodles, LLC*, 412 F. Supp. 2d 872, 878 (W.D. Tenn. 2006) (*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999)).

[17]    *Coffey*, 2 F.3d at161 (6th Cir. 1993) (citing *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267 (M.D. Tenn. 1986)).

[18]    *Id.*

[19]    *Swift Freedom Aviation, LLC v. R.H. Aero*, No. 1:04-CV-90, 2005 WL 2246256, *10 (E.D. Tenn. Sept. 13, 2005) (*citing J.C. Bradford & Co. v. S. Realty Partners*, No. W1999-01617-COA-R3-CV, 2000 WL 34411153, *10 (Tenn. Ct. App. Aug. 14, 2000)).

[20]    *Id.*; *see also Sec. Fed. Sav. & Loan Ass'n of Nashville v. Riviera, Ltd.*, 856 S.W.2d 709, 712-13 (Tenn. Ct. App. 1992).

knows of the truth, he can not be deceived, and thus, reliance is not reasonable.[21]

Plaintiff has alleged that Kopp represented himself to be an agent with full authority to speak and act on behalf of Defendants Suhl and The Lord's Ranch.  As such, after repairs to the aircraft amounting to almost $20,000 were made, Plaintiff accepted Kopp's presentation of Suhl's American Express to pay for the invoice in full.  Subsequently, Suhl twice disputed the charge with American Express but was unable to get the charge reversed.  In disputing the charge a third time, Suhl explained to American Express that Kopp was an not his agent and was neither authorized to have Hangar perform the maintenance and repairs on the Aircraft nor pay the invoice with Suhl's credit card.  The charges were then reversed.  Applying the test for intentional misrepresentation under Tennessee law to these facts reveals that Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Plaintiff has failed to demonstrate how Plaintiff relied on Suhl's representations to American Express to their detriment.  And Plaintiff has failed to demonstrate how Plaintiff's reliance on Kopp's representation regarding his relationship with the other Defendants was reasonable.

Beginning with Plaintiff's claim regarding Kopp's misrepresentation, Plaintiff's reliance was not reasonable.  Plaintiff is in the business of airplane repair, as a result their expertise and sophistication regarding payment of relatively large bills should be high.  Although Plaintiff alleges in their response to Defendants' Motions to Dismiss that they had encountered Defendants in prior transactions, no facts as to these prior transaction is present in their complaint, nor do these prior transactions necessarily support the inference of a long-standing

---

[21]    *Coffey*, 2 F.3d at 162 (*citing Maddux v. Cargill, Inc.*, 777 S.W.2d 687, 691-92 (Tenn. Ct. App. 1984)).

relationship between the parties.  Plaintiff could have called Suhl to discern whether Kopp was authorized to use his credit card, but Plaintiff chose not to, as such Plaintiff had the opportunity to discover the relevant information, which was available to them at little to no cost.  Plaintiff's reliance on Kopp's assertion that he was authorized to use a credit card issued in another person's name to charge an almost $20,000 invoice without first contacting Suhl to verify this authorization was not reasonable.

As to Plaintiff's claim regarding Suhl's misrepresentation, Plaintiff cannot show they relied on this information, regardless of its truth or falsity.  Suhl made the representation not to Plaintiff but to American Express.  Additionally, Suhl's statements to American Express were made after the repairs had been rendered.  While his statement regarding Kopp's agency does seem to be the key fact that led to the charges being reversed, and hence, led to Plaintiff's injury, the unpaid invoice, Plaintiff cannot show how they relied on this statement to their detriment.  At this point, Plaintiff had already made the repairs and accepted payment, and thus, the reliance had already occurred.  Regardless though, Plaintiff's reliance on Suhl's representations to American Express was not reasonable for the same reasons it was not reasonable for Plaintiff to rely on Kopp's representations.

Thus, because Plaintiff has failed to plead a claim of fraud with the requisite particularity, and because Plaintiff has failed to state a claim for intentional misrepresentation, Defendants Motion to Dismiss regarding this claim must be **GRANTED**.

## II.  Negligent Misrepresentation

A plaintiff alleging negligent misrepresentation can recover under Tennessee law by establishing that: (1) The defendant was acting in the course of his business, profession, or

employment, or in a transaction in which he has a pecuniary, not gratuitous, interest; (2) the

defendant supplied faulty information meant to guide others in their business transactions; (3)

the defendant failed to exercise reasonable care in obtaining or communicating the information;

and (4) the plaintiff justifiably relied upon the information.[22]

Applying the above elements to the current facts, Plaintiff again cannot demonstrate their

reliance was justified.[23]  Justifiable reliance does not equate to blind faith.[24]  "The burden is not

upon the defendant to show that it was not negligent, but rather, the burden is upon the plaintiff

to show that its reliance upon any statements defendants may have made was reasonable."[25]

Moreover, "[t]his element is not subject to a comparative fault analysis, and until the justifiable

reliance element is established, there is no negligent misrepresentation."[26]  For the same reasons

Plaintiff's reliance was not reasonable under a theory of intentional misrepresentation, Plaintiff

has not met his burden that reliance was justified under a theory of negligent misrepresentation.

Therefore, Defendants' Motion to Dismiss as to Plaintiff's claim for negligent misrepresentation

must be **GRANTED**.

### III.  Remaining Claims

---

[22]     *Caboodles Cosmetics, L.P.*, 412 F. Supp. 2d at 879; *Taylor v. Unumprovident Corp.*, No. 1:03CV1009, MDL 103MD1552, 2005 WL 3448052, *5 (E.D. Tenn. Dec. 14, 2005); *Zobrist v. Sofamor, S.N.C.*, No. 96-3238, 95-2542, 1999 WL 33537316, *2 (W.D. Tenn. May 12, 1999).

[23]     *See McNeil v. Nofal*, 185 S.W.3d 402, 408 (Tenn. Ct. App. 2005).

[24]     *Id.*

[25]     *Id.* at 408-409 (citing *Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233 (Tenn. Ct. App. 1992)).

[26]     *Id*. (citing *Lambdin v. Garland*, 723 S.W.2d 953 (Tenn. Ct. App. 1986)).

In diversity cases, a district court has jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[27]  A claim involving less than the statutorily-established minimum cannot trigger diversity jurisdiction.[28]  "The general federal rule has long been to decide what the amount in controversy is from the complaint itself...,"[29] which is measured at the time the complaint was filed.[30]  The inability of a plaintiff to recover an adequate amount will not necessarily oust jurisdiction.[31]  Instead it is only "[i]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that [her] claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."[32]  The Sixth Circuit has distinguished between "subsequent events that change the amount in controversy, and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action."[33]

Plaintiff's two remaining claims are for breach of contract and unjust enrichment.

---

[27]     28 U.S.C. § 1332(a).

[28]     *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993).

[29]     *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961).

[30]     *Randall v. Pitzer*, 23 Fed. Appx. 532, 533 (6th Cir. 2001) (citing *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990)).

[31]     *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

[32]     *Calhoun v. Ky.- W. Va. Gas Co*, 166 F.2d 530, 531 (6th Cir. 1948) (citation omitted).

[33]     *Holland v. Lowe's Home Ctrs., Inc.*, No. 98-6169, 1999 WL 993959, *2 (6th Cir. Oct. 21, 1999); *Klepper*, 916 F.2d at 340 (6th Cir. 1990).

Plaintiff's have alleged their potential recovery under these theories amounts to approximately $29,000.  Although Plaintiffs had pled recovery for punitive damages in the amount of $100,000, the claims upon which this recovery was premised are not valid claims.  Tennessee only allows punitive damages in cases where a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly.[34]  However, Plaintiff has not stated facts constituting a valid cause of action for conduct that was either intentional, fraudulent, malicious, or reckless, and a parties' subjective belief regarding a claim's worth, without anything more, is insufficient to establish the statutorily required amount.[35]  Therefore, as the amount in controversy in this case does not meet the minimum requisite for federal diversity jurisdiction, Plaintiff's claims are devoid of jurisdiction.

## CONCLUSION

Because Plaintiff's complaint as to all claims of fraud or misrepresentation fail to state a claim upon which relief may be granted, the Court's continued subject matter jurisdiction over this matter subsequently must fail, as the action no longer meets the statutorily required amount. Accordingly, as the complaint has no jurisdictional basis, it is **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3).[36]  As a result the court does not reach the issues of whether Plaintiff's breach of contract and unjust enrichment claims fail to allege sufficient facts to survive a Motion to Dismiss.

**IT IS SO ORDERED.**

---

[34]    *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900-901 (Tenn. 1992).

[35]    *Randall*, 23 Fed. Appx. at 533.

[36]    *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding dismissal of paid complaint proper for want of jurisdiction under Fed. R. Civ. P. 12(h)(3)).

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 20th, 2009.